UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────────

JAMES C. SITTS, et al.,

                              Plaintiffs,

       v.                                                          9:20-CV-1474
                                                                   (GTS/DJS)

ALAN WEAVER and DELAWARE COUNTY
CORRECTIONAL FACILITY,

                              Defendants.

────────────────────────────────────

APPEARANCES:

JAMES C. SITTS
Plaintiff, pro se
8484
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

STEVEN BARROWS
Plaintiff, pro se
5829
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

JULIUS LEONARD, JR.
Plaintiff, pro se
9286
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

BRYAN RUPLE
Plaintiff, pro se
1469
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

DANIEL SCHULTZ
Plaintiff, pro se
3889
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

NICHOLAS MERIDV
Plaintiff, pro se
9295
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

ROBERT J. GIORDANO
Plaintiff, pro se
5115
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

RICHARD GRANTT
Plaintiff, pro se
9294
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

ROBERT PAYNE
Plaintiff, pro se
9298
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

ANTHONY HOPPER
Plaintiff, pro se
9289
Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

ANTHONY BOYD
Plaintiff, pro se
7847

Delaware County Correctional Facility
280 Phoebe Ln., Ste. 6
Delhi, NY 13753

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

## I.   INTRODUCTION

This action was commenced by eleven pro se incarcerated plaintiffs on or about

December 2, 2020, pursuant to 42 U.S.C. § 1983 ("Section 1983") against two defendants.

Dkt. No. 1 ("Compl."). None of the plaintiffs paid the filing fee, and only one plaintiff, plaintiff

James C. Sitts, submitted an application to proceed in the action in forma pauperis ("IFP").

## II.   DISCUSSION

### A.   Filing Fee Requirements Generally

A civil action is commenced in federal district court "by filing a complaint with the

court." Fed. R. Civ. P. 3. The filing fees must be paid at the time an action is commenced

unless an IFP application is submitted to the Court. 28 U.S.C. § 1914(a); 28 U.S.C. §

1915(a). Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an

indigent litigant to commence an action in a federal court without prepayment of the filing fee

that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at

*1 (S.D.N.Y. Oct. 26, 2010). "The purpose of 28 U.S.C. § 1915 is to insure that litigants will

not be deprived of access to the judicial system because of their financial circumstances."

*Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) (citing *Harlem River Consumers*

*Co-op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 96 (S.D.N.Y. 1976)). Where

a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has

3

demonstrated sufficient economic need to proceed without prepaying the filing fee.  28

U.S.C. 1915(a)(1).  "[T]he federal district courts are vested with especially broad discretion to

deny state prisoners the privilege of proceeding IFP in civil actions against officials of the

institution in which they are incarcerated."  *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir.

1983).

Section 1915, provides, in pertinent part, that an IFP request must be accompanied by

"a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint . . .,

obtained from the appropriate official of each prison at which the prisoner is or was

confined."  28 U.S.C. § 1915(a)(2).  In accordance with Rule 5.4 of the Local Rules of

Practice for this Court, a prisoner seeking IFP status in a civil action may satisfy the statutory

requirements by submitting a completed, signed, and certified IFP application.  N.D.N.Y. L.R.

5.4(b)(1)(A).  A "certified" IFP application is one on which the certificate portion, at the bottom

of page two of the form, has been completed and signed by an appropriate official at the

plaintiff's facility.  The certificate portion of the application requests information regarding

funds and/or securities held on account to the inmate's credit over the preceding six months.

Accordingly, inmates requesting IFP status may either submit a completed, signed, and

certified IFP application as provided in the local rules, or they may submit certified copies of

their account statements for the six-month period immediately preceding the filing of a

complaint as set forth in Section 1915(a)(2).[1]

---

[1] Upon compliance with the filing fee requirements, the Court must consider plaintiff's request to
proceed IFP in light of the "three strikes" provision of Section 1915(g) and, if appropriate, review the sufficiency
of the complaint in accordance with Section 1915(e) and/or 28 U.S.C. § 1915A ("Section 1915A").

Section 1915 also provides that, "if a prisoner brings a civil action . . ., the prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).  In accordance with the statute, the filing fee is paid over time from funds available in the plaintiff's prison account.  In furtherance of this requirement, Rule 5.4 of the Local Rules of Practice for this Court require all inmates to submit, in addition to a fully completed IFP application, the inmate authorization form issued by the Clerk's Office.  N.D.N.Y. L.R. 5.4(b). The inmate authorization form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate-plaintiff's obligation to pay the entire filing fee "regardless of the outcome of the lawsuit."

Although the Second Circuit has not addressed the issue, most courts have not reduced or eliminated the obligation imposed on each incarcerated plaintiff to pay the filing fee under Section 1915(b)(1) when multiple inmate-plaintiffs commence an action.  *See Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001); *Podius v. Fed. Bureau of Prisons*, No. 16-CV-6121, 2017 WL 1040372, at *2 (E.D.N.Y. Mar. 16, 2017); *Ashford v. Spitzer*, No. 08-CV-1036, Dkt. No. 127 (N.D.N.Y. filed Sept. 29, 2008);[2] *but see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997).  Courts in this Circuit have also routinely required each plaintiff in a multi-plaintiff litigation to submit separate and complete applications for IFP status.  *See, e.g., Razzoli v. Exec. Office of United States Marshals*, No. 10-CV-4269, 2010

---

[2]  The proper application of the requirement set forth in Section 1915(b)(1) that each prisoner plaintiff who seeks IFP status be required to pay "the full amount of the filing fee" to an action brought by multiple plaintiffs was discussed at length in *Ashford*. *See Ashford*, No. 08-CV-1036, Dkt. No. 127 at 3-9.  "Absent specific instruction from the Second Circuit, and after reviewing the decisions of the various Circuits that have addressed the issue, th[e] Court f[ound] that those cases concluding that prisoners may file joint actions but must each pay the full filing fee appear to be better reasoned."  *Ashford*, No. 08-CV-1036, Dkt. No. 127 at 9.

WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009).

**B.    Analysis**

As noted above, none of the eleven plaintiffs paid the required filing fee, and only plaintiff Sitts has submitted an IFP application.  Indeed, plaintiff Sitts has now filed two IFP applications in this action.  Dkt. Nos. 2, 4.  Because plaintiff Sitts' first IFP application (Dkt. No. 2) is not complete (because it is neither certified by a prison official nor accompanied by copies of his inmate account statements for the previous six months), it is denied.  Plaintiff's second IFP application (Dkt. No. 4), however, is certified by a prison official, and therefore it is complete.  Plaintiff Sitts has also filed the inmate authorization form required in this District. Dkt. No. 3.  Accordingly, plaintiff Sitts' second IFP application, Dkt. No. 4, is granted.

Before the Court can review the sufficiency of the complaint pursuant to Section 1915 and/or Section 1915A, however, <u>each of the other plaintiffs in this action</u> (specifically plaintiffs Barrows, Leonard, Ruple, Schultz, Meridv, Giordano, Grantt, Payne, Hopper, Boyd) must comply with the statutory filing fee requirements for this action.  Until such time as each plaintiff pays the full filing fee or submits a completed IFP application and inmate authorization form, review of the complaint pursuant to Section 1915(e) and/or Section 1915A would be premature.

Thus, for this case to proceed, plaintiffs Barrows, Leonard, Ruple, Schultz, Meridv, Giordano, Grantt, Payne, Hopper, Boyd must **individually**, within 30 days of the date of this Decision and Order, **either (a)** pay the Court's filing fee of $402.00 in full, **or (b)** submit a completed and signed IFP application in accordance with this Decision and Order **and** a

6

signed inmate authorization form reflecting his consent to pay the $350.00 filing fee over time, in installments.[3]  Plaintiffs are advised that, if any of them does not fully comply with this Decision and Order within 30 days, the non-complying individual will be terminated from the docket and all claims asserted by that non-complying individual will be dismissed without prejudice without further Order from the Court.

Upon full compliance with this Decision and Order, or at the expiration of the 30-day time period to comply, whichever is earlier, the Clerk shall return the action to the Court.

## III.   MULTI-PLAINTIFF LITIGATION

Because this lawsuit has been commenced by multiple plaintiffs who are all incarcerated, the Court takes this opportunity to notify plaintiffs of certain rules and obligations that are applicable to them while pursuing this action.

First, the Court notes that only one of the plaintiffs in this action, James C. Sitts, has signed the complaint.  *See* Compl. at 12.  Rule 11 of the Federal Rules of Civil Procedure, however, requires that all plaintiffs sign "[e]very pleading, written motion, and other paper." Fed. R. Civ. P. 11(a).  Plaintiffs are not, and will not be, relieved of this obligation in the event that one or more of them is released or becomes confined in a different correctional facility than the other plaintiff.  Because a non-attorney is not permitted to represent anyone other than himself, *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), Rule 11 protects against one plaintiff becoming a de facto representative of his co-plaintiffs.  In addition, adherence to this rule in a multi-plaintiff action serves to ensure that each pro se plaintiff is

---

[3]  The total cost for filing a civil action in this Court is $402.000, which consists of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $52.00.  A party granted IFP status is not required to pay the $52.00 administrative fee.  A prisoner granted IFP status, however, is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action.  28 U.S.C. § 1915(b)(3).

on notice of the facts, issues, and obligations of the parties that arise throughout the litigation.  The Court will promptly deny any request that is not signed by all plaintiffs, or, if the filing requests no relief, the Court may strike it without consideration of the merits.[4]

Second, Rule 5 of the Federal Rules of Civil Procedure requires that each plaintiff must serve his co-plaintiffs with all documents or motions filed with the Court or any discovery material (including responses to discovery requests) provided to the defendants. Fed. R. Civ. P. 5(a)(1);[5] *Swenson v. MacDonald*, No. 05-CV-0093, 2006 WL 240233, at *3 (D. Mont. Jan. 30, 2006).  Plaintiffs are not relieved of this obligation simply because they are incarcerated.  To the extent that prison rules and/or regulations inhibit plaintiffs' abilities to correspond with one another, they are directed to utilize the available prison procedures to seek and obtain the necessary permission to communicate with each other.[6]  Plaintiffs are

---

[4] An exception to Rule 11's requirement that every plaintiff sign each motion filed with the Court is an application to proceed in the action IFP, which shall be signed only by the plaintiff seeking IFP status.

[5] In particular, Rule 5 provides, in relevant part, as follows:

> (1) *In General*. Unless these rules provide otherwise, each of the following papers must be served on every party:
>
> > (A) an order stating that service is required;
> >
> > (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
> >
> > (C) a discovery paper required to be served on a party, unless the court orders otherwise;
> >
> > (D) a written motion, except one that may be heard ex parte; and
> >
> > (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

Fed. R. Civ. P. 5(a)(1).

[6] This Decision and Order shall not be construed as authorizing plaintiffs to correspond with one another in any manner that would violate prison rules and/or regulations.

8

hereby warned that the Court will not serve a filing made by one plaintiff on the remaining plaintiffs.

Third, the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which imposes several restrictions on the ability of prisoners to maintain federal lawsuits, expressly provides that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (analyzing whether prisoner-plaintiff exhausted his administrative remedies pursuant to the PLRA's exhaustion requirement).  Section 1997e(a)'s exhaustion provision is mandatory and applies to all inmate lawsuits regarding the conditions of their confinement.  *Ross*, 136 S. Ct. at 1856; *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002); *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).  In the event a defendant establishes that the inmate-plaintiff failed to fully comply with the administrative process prior to commencing an action in federal court, the plaintiff's complaint is subject to dismissal.  *Woodford*, 548 U.S. at 93; *see also Wilson v. McKenna*, 661 F. App'x 750, 752 (2d Cir. 2016).  In the same way that each plaintiff in this action is required to separately comply with the filing fee requirements for commencing this action (as discussed above in Part II.B. of this Decision and Order), each plaintiff is required to separately exhaust the available administrative remedies before commencing an action in federal court under the PLRA.  *See, e.g., Lilly v. Ozmint*, No. 07-CV-1700, 2007 WL 2021874, at *2 (D. S.C. July 6, 2007) ("Just as payment of one fee does not cover multiple plaintiffs under the PLRA,

exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all the plaintiffs.  Each individual plaintiff is required to comply with the exhaustion requirement." (citing *Porter*, 534 U.S. at 524; *Woodford*, 548 U.S. at 90)).

Fourth, Rule 20 of the Federal Rules of Civil Procedure, which is the rule that allows plaintiffs to join in this single action, is inherently permissive.  *See* Fed. R. Civ. P. 20 (statute entitled "Permissive Joinder of Parties").[7]  Rule 21 of the Federal Rules of Civil Procedure underscores the permissive nature of Rule 20, providing courts the authority to sua sponte or on motion "add or drop a party" at any time "on just terms."  Fed. R. Civ. P. 21.  Accordingly, although the Court is not severing plaintiffs' claims at this time, plaintiffs should be aware that, at any time, the Court may do so, including for reasons of judicial efficiency and fairness to all parties.  *See, e.g., Lopez v. City of Irvington*, No. 05-CV-5323, 2008 WL 565776, at *2 (D. N.J. Feb. 28, 2008) ("Rule [21] may . . . be invoked to prevent prejudice or promote judicial efficiency."); *Steward v. Mississippi*, No. 07-CV-0184, 2007 WL 4375210, at *2 (S.D. Miss. Dec. 12, 2007) (citing the Court's inherent power to control its docket and Rule 21 as grounds for severing the claims asserted by multiple incarcerated plaintiffs); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1967) (construing Rule 21 as authorizing courts to sever claims for "sufficient other reasons" besides improper joinder

---

[7]   In relevant part, Rule 20 provides as follows:

   (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:

      (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

      (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

under Rule 20).

Fifth, to the extent that plaintiffs are attempting to commence a class action, it is well settled that class actions cannot be maintained by a pro se litigant because (as noted above) non-attorneys may not represent anyone other than themselves. *Iannaccone*, 142 F.3d at 558; *see also Miller v. Zerillo*, No. 07-CV-1719, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance). Until such time as a motion seeking certification of the class has been filed demonstrating that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, the complaint shall be considered as an action brought jointly by plaintiffs in their individual capacities under Rule 20.

In light of the foregoing, the Court hereby notifies plaintiffs that, as alternative to proceeding jointly in this multi-plaintiff lawsuit, any of them may proceed with litigation independent of the other plaintiffs in a separate action. If any plaintiff wishes to do so, he must (1) commence a new action by filing a separate complaint and complying with the filing fee requirements as discussed above in Part II of this Decision and Order; and (2) file a notice of voluntary dismissal in this action in accordance with Rule 41 of the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff Sitts' first IFP application (Dkt. No. 2) is **DENIED** as incomplete; and it is further

**ORDERED** that plaintiff Sitts' second IFP application (Dkt. No. 4) is **GRANTED**; and it

is further

ORDERED that, before the Court reviews the sufficiency of the complaint pursuant to 28 U.S.C. § 1915 and/or 28 U.S.C. § 1915A, plaintiffs Barrows, Leonard, Ruple, Schultz, Meridv, Giordano, Grantt, Payne, Hopper, Boyd must **individually**, **within 30 days** of the date of this Decision and Order, **either (a)** pay the Court's filing fee of $402.00 in full **or (b)** submit a completed and signed IFP application in accordance with this Decision and Order **and** a signed inmate authorization form reflecting his individual consent to pay the $350.000 filing fee over time, in installments; and it is further

ORDERED that if, within the time period specified above, any of the plaintiffs fail to comply with the terms of this Decision and Order delineated above, the non-compliant individual will be **terminated** from the docket and any claims asserted by that non-compliant individual will be dismissed from the action **without prejudice without further Order of this Court**; and it is further

ORDERED that, upon full compliance with this Decision and Order, or at the expiration of the deadline to comply, whichever is earlier, the Clerk shall return this file to the Court for further review; and it is further

ORDERED that, in accordance with the Rule 10.1(c)(2) of the Court's Local Rules, plaintiffs shall promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in their address.  Plaintiffs' failure to do so may result in the dismissal of this action; and it is further

**ORDERED** the Clerk shall serve a copy of this Decision and Order, as well as a blank

IFP application and blank inmate authorization form, on each plaintiff (except plaintiff Sitts) in

accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

Dated: January 6, 2021
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

13